IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CORINNE POWELL, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CIVIL ACTION NO. |
| | : 1:13-CV-03049-RWS |
| BANK OF AMERICA, N.A., | : |
| | : |
| Defendants. | : |
| | : |

**ORDER**

This case comes before the Court on Defendant Bank of America, N.A.'s Motion to Dismiss [3]. After reviewing the record, the Court enters the following Order.

**Background**

On August 8, 2003, Plaintiff purchased property located at 562 Park Drive, Atlanta, Georgia 30306 ("Property"). (Compl., Dkt. [1-1] ¶ 3.) Plaintiff financed the purchase of the Property with a mortgage loan in the amount of $294,000, which she obtained from M&I Mortgage Corporation d/b/a Mortgagebot.com. (Id. ¶ 8.) In connection with the mortgage loan, Plaintiff

executed a Security Deed in favor of M&I, which was subsequently assigned to Mortgagebot, LLC and then to Countrywide Home Loans, Inc. (Id. ¶ 9.)

Although Plaintiff had not yet missed a loan payment, after becoming unemployed in early 2009, she requested a loan modification from the servicer of her loan, BAC Home Loans Servicing LP f/k/a Countrywide Home Loans Servicing LP. (Id. ¶ 10.) Upon making the request, Plaintiff was informed that she must be in default to qualify for a modification. (Id.) Following that conversation, Plaintiff missed several monthly payments. (Id.) Plaintiff alleges that she subsequently submitted modification paperwork numerous times, and in January 2010 she was informed that she had been approved for a modification but never received any forms to sign. (Id. ¶¶ 11-13.)

In letters dated May 2 and May 6, 2011, BAC Home Loans Servicing informed Plaintiff that she owed her mortgage debt to Bank of America, N.A. ("BANA") and that the Property was slated for auction in June 2011 due to her default on the loan. (Id. ¶¶ 15-16.) The notice identified BANA as the entity with full authority to negotiate, amend, and modify all terms of the mortgage. (Id. ¶ 16.)

Plaintiff contends that after receipt of these notices, she contacted Defendant to inform it of her intention to sell the property to an interested third

party. (Id. ¶17.) Defendant, however, informed Plaintiff that it still planned on foreclosing, and so Plaintiff "cancelled her efforts to sell the property." (Id.) Defendant did not proceed with nonjudicial foreclosure of the Property until August 2, 2011, when it sold the Property to Victor Wilson Properties, Inc. for $301,000. (Id. ¶ 19.) The sale satisfied Plaintiff's approximately $215,000 balance remaining on the loan, but Plaintiff alleges that she never received the excess funds from the sale. (Id ¶ 20.)

Based on these facts, Plaintiff alleges that Defendant is liable for wrongful foreclosure as well as claims of unlawful conversion, fraud, fraudulent inducement, and tortious interference with contract. (Id. ¶¶ 45-52.) After Plaintiff filed her Complaint in Fulton County Superior Court on August 1, 2013, Defendant removed this action based on diversity jurisdiction pursuant to 28 U.S.C. § 1332.

## Discussion

### I.   Motion to Dismiss Legal Standard

When considering a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, a federal court is to accept as true "all facts set forth in the plaintiff's complaint." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted). Further, the court must draw all reasonable inferences

3

in the light most favorable to the plaintiff. Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal citations omitted).  However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " Id.

The United States Supreme Court has dispensed with the rule that a complaint may only be dismissed under Rule 12(b)(6) when " 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " Twombly, 550 U.S. at 561 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  The Supreme Court has replaced that rule with the "plausibility standard," which requires that factual allegations "raise the right to relief above the speculative level." Id. at 556. The plausibility standard "does not[, however,] impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." Id.

4

"The district court generally must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint." D.L. Day v. Taylor, 400 F.3d 1272, 1275-76 (11th Cir. 2005); see also Fed. R. Civ. P. 12(d). However, documents attached to a complaint are considered part of the complaint. Fed. R. Civ. P. 10(c). Documents "need not be physically attached to a pleading to be incorporated by reference into it; if the document's contents are alleged in a complaint and no party questions those contents, [the court] may consider such a document," provided it is central to the plaintiff's claim. D.L. Day, 400 F.3d at 1276. At the motion to dismiss phase, the Court may also consider "a document attached to a motion to dismiss . . . if the attached document is (1) central to the plaintiff's claim and (2) undisputed." Id. (citing Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002)). "'Undisputed' means that the authenticity of the document is not challenged." Id.

**II.  Analysis**

    A.    <u>Wrongful Foreclosure</u>

"Georgia law requires a plaintiff asserting a claim of wrongful foreclosure to establish a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and damages." Heritage Creek Dev. Corp. v. Colonial Bank, 601

5

AO 72A
(Rev.8/82)

S.E.2d 842, 844 (Ga. Ct. App. 2004) (citing Calhoun v. First Nat'l Bank v. Dickens, 443 S.E.2d 837 (Ga. 1994)).  Plaintiff asserts that Defendant wrongfully foreclosed on the Property because it did not comply with Georgia's notice requirements, which require a foreclosure notice to identify the entity with "full authority to negotiate, amend, and modify all terms of the mortgage." O.C.G.A. § 44-14-162.2(a).  Specifically, Plaintiff asserts that BANA was only the servicer of her loan and so did not have such authority.  (Compl., Dkt. [1-1] ¶ 35.)  Instead, Plaintiff contends that Federal Home Loan Mortgage Corporation held this power, and so the notice of foreclosure was defective since it did not identify the proper entity.  (Id.)  For its part, Defendant insists that it was in fact the proper entity.  (Def.'s Br., Dkt. [3-1] at 7.)  Moreover, Defendant argues that Plaintiff cannot show that BANA's actions caused her damages because Plaintiff was in default at the time of foreclosure.  (Id. at 6.)

"Failure to make the proper loan payments defeats any wrongful foreclosure claim."  Harvey v. Deutsche Bank Nat'l Trust Co., No. 1:12-CV-1612-RWS, 2012 WL 3516477, at *2 (N.D. Ga. Aug. 14, 2012); see also Heritage Creek, 601 S.E.2d at 844-45 (finding that the plaintiff's own acts and omissions caused the alleged injuries where the plaintiff: defaulted on the loan, failed to cure the default, received a foreclosure notice, and did not bid on the

6

property at the foreclosure sale).  Plaintiff admits that she missed her loan payments prior to foreclosure and fails to allege tender of the amount due on her loan.  (Compl., Dkt. [1-1] ¶ 10.)  Therefore, even if Plaintiff established that notice was deficient, the Court finds that Plaintiff cannot show that improper notice caused her damages.  And while Plaintiff argues that she did not have to tender the amount due under the mortgage because Defendant violated Georgia's foreclosure-notice provisions, courts nonetheless have dismissed wrongful foreclosure claims despite such allegations.  See Freeman v. Wells Fargo Bank, No. 1:12-CV-2854-RWS, 2013 WL 2637121, at *2-3 (N.D. Ga. June 11, 2013) (dismissing a wrongful foreclosure claim where the plaintiff failed to show causation even though he had sufficiently pled improper notice).  In sum, because Plaintiff admits that she failed to make payments on her loan, Plaintiff's wrongful foreclosure claim is due to be **DISMISSED**.[1]

---

[1]The Court also notes Plaintiff's argument that BANA and BAC Home Loans Servicing lacked authority to foreclose on her home because neither entity had been assigned the Security Deed.  (Compl., Dkt. [1-1] ¶ 21.)  But, according to a recorded deed under power, BAC Home Loans Servicing LP f/k/a Countrywide Home Loans Servicing LP had in fact been assigned the Security Deed.  (Dkt. [3-2] at 2.)  Plaintiff's argument is therefore without merit.  Besides, to the extent that Plaintiff challenges any assignment of the Security Deed, Georgia law is clear that where a borrower was not a party to the assignment, the borrower lacks standing to contest the assignment's validity.  See Montgomery v. Bank of Am., 740 S.E.2d 434, 438 (Ga. Ct. App. 2013) (finding that a plaintiff lacked standing to contest an assignment's validity because he was not a party to it).

7

### B. Conversion

To establish a claim for conversion, a plaintiff must show "title to the property [in the plaintiff], possession by the defendant, demand for possession, and refusal to surrender the property, or an actual conversion prior to the filing of the suit." Habel v. Tavormina, 597 S.E.2d 645, 648 (Ga. Ct. App. 2004) (quoting Taylor v. Powertel, Inc., 551 S.E.2d 765, 769 (Ga. Ct. App. 2001)). Plaintiff's claim is premised on Defendant's failure to refund the excess proceeds from the foreclosure sale as required by Georgia law. According to O.C.G.A. § 44-14-190,

> The money arising from the sale of mortgaged property sold under the regulations prescribed in this part shall be paid to the person foreclosing the mortgage unless claimed by some other lien which by law has priority of payment over the mortgage; and, when there is any surplus after paying off the mortgage and other liens, the surplus shall be paid to the mortgagor or his agent.

Defendant argues that Plaintiff has not pleaded any of the elements of conversion and cannot establish her right to possession of the surplus funds from the foreclosure sale. Defendant points to title records showing that Wells Fargo Bank, N.A. and the United States and Georgia Departments of the Treasury have secured priority interests in the excess proceeds. But these documents do not establish that Plaintiff lacks any right to the proceeds as a

8

matter of law.  For instance, it is not apparent how much Plaintiff owes under the Wells Fargo equity line of credit, and so the Court cannot say that this amount combined with the tax liens exceeds the amount of the surplus.  In any event, it is not appropriate to consider these documents at the motion to dismiss stage given that Plaintiff has otherwise alleged her right to the surplus funds pursuant to O.C.G.A. § 44-14-190.  And because Plaintiff alleges that Defendant never paid her those proceeds, the Court finds that Plaintiff's allegations are sufficient to state a plausible claim for conversion.  As such, Defendant's Motion to Dismiss [3] is **DENIED** as to this claim.

    C.    Other Tort Claims

Next, Plaintiff alleges various tort claims for fraud, fraudulent inducement, and tortious interference with contract, all premised on Defendant's alleged wrongful foreclosure.  Yet as Defendant points out, Plaintiff fails to set forth the elements of these claims; rather, Plaintiff lists causes of action without explaining how her factual allegations support them.  As such, Plaintiff's allegations do not comply with Rule 8 of the Federal Rules of Civil Procedure.  Accordingly, Plaintiff's remaining tort claims are due to be **DISMISSED**.

## Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss [3] is **GRANTED in part** and **DENIED in part**.  The motion is **GRANTED** as to Plaintiff's claims for wrongful foreclosure, fraud, fraudulent inducement, and tortious interference with contract.  The motion is **DENIED** as to Plaintiff's claim for conversion.

**SO ORDERED**, this  21st  day of May, 2014.


_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)